[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11346
Non-Argument Calendar
_____

D.C. Docket No. 2:12-cr-14088-JEM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE SERRANO MOJICA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 16, 2014)

Before WILSON, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Jose Serrano Mojica, a native and citizen of Mexico, appeals his conviction for illegal reentry after deportation. *See* 8 U.S.C. § 1326(a), (b)(2). Mojica argues that his indictment should have been dismissed based on an alleged impropriety in the underlying order of deportation. We affirm.

We review *de novo* the denial of a motion to dismiss based on the invalidity of the underlying removal order. *United States v. Zelaya*, 293 F.3d 1294, 1297 (11th Cir. 2002). To prevail in a collateral challenge to the order of deportation, an alien must prove that he "exhausted any administrative remedies that may have been available to seek relief against the order"; "the deportation proceedings at which the order was issued improperly deprived [him] of an opportunity for judicial review"; and "the entry of the order was fundamentally unfair." 8 U.S.C. § 1326(d). The entry of an order of deportation is not fundamentally unfair unless the outcome of the removal proceeding would have been different but for the alleged error. *Zelaya*, 293 F.3d at 1298.

The district court did not err by denying Mojica's motion to dismiss. Mojica argues that the entry of his order of deportation in 1996 was fundamentally unfair because he was misadvised by his attorney and the immigration judge that he could not obtain a waiver from the order of deportation, but Mojica was ineligible for a waiver when he was deported. Although the Attorney General in 1996 exercised some discretion to waive a deportation order, he could not grant a waiver if an

2

alien had been "convicted of . . . murder . . . or an attempt or conspiracy to commit murder."  8 U.S.C. § 1182(h) (1996).  The Attorney General could not have granted Mojica a waiver because, in 1995, he was convicted of attempted first degree murder.  Moreover, if Mojica had applied for relief from deportation, *see id.* § 1182(c), he would have been ineligible for that relief because he had not maintained a "lawful unrelinquished domicile of seven consecutive years" in the United States.  Mojica became a lawful resident of the United States on December 3, 1990, when the Immigration and Nationalization Service granted his application for temporary residency as an agricultural worker, and his lawful residency ended less than six years later on September 27, 1996, when an immigration judge entered an order deporting Mojica and he waived his right to appeal that order. Because Mojica failed to prove that his deportation was fundamentally unfair, he was not entitled to have his indictment dismissed.

We **AFFIRM** Mojica's conviction.

3